CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BARRY LYNN VIA, | ) | |
| Plaintiff, | ) | Civil Action No. 7:11cv00138 |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| TRACY S. RAY, et al. | ) | By:  Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

This civil rights action was brought by an inmate at Red Onion State Prison, Barry Lynn Via, pursuant to 42 U.S.C. § 1983, against the warden at that prison and a number of correctional officers at Red Onion and Augusta Correctional Center. Via's allegations arise from his refusal on religious grounds to submit to a tuberculosis screening test mandated by prison officials. Via was sentenced to a 90 day loss of good time credits as a consequence of his refusal to submit to a tuberculosis test in November 2010. Via also refused to submit to a tuberculosis test on March 13, 2011 and states that he will lose an additional 90 days of good time credits for this second refusal. Via seeks preliminary injunctive relief, claiming that he is being denied care for a serious medical need and that he is at risk of contracting tuberculosis due to the prison's refusal to provide an alternative test for tuberculosis. Via requests that this court enter an interlocutory order directing the defendants to stop "requesting" that Via submit to a tuberculosis test which he claims violates his religious beliefs. Via further requests that this court enter an interlocutory order directing the defendants to provide Via with an alternative tuberculosis test which does not violate his religious beliefs. Review of the pleadings filed in this case plainly establish that Via has not demonstrated that he is facing a substantial risk of serious harm or that he is in danger of any actual and imminent harm in the absence of interlocutory relief. As such, it is RECOMMENDED that his request for a temporary restraining order and preliminary injunctive

1

relief be DENIED.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). A preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, and the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).[1] To justify an injunction before trial on the merits, the plaintiff must make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (1958)).

---

[1] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

Via has not made a clear showing that he is likely to prevail on the merits. Via claims the defendants exhibited deliberate indifference to his serious medical needs by failing to provide him with a tuberculosis test that conforms to his religious beliefs. The Supreme Court has stated that "deliberate indifference" exists when a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Thus, to prevail, Via must show that defendants knew of, and disregarded, an objectively serious condition, medical need, or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Such a need usually involves a condition that threatens loss of life, illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (reversing summary judgment for defendants and remanding where guards knew of serious illness of plaintiff and exhibited deliberate indifference to request for medical treatment prior to inmate's death); see Estelle, 429 U.S. at 104-5. Conditions or delays that cause or perpetuate pain may also show serious medical need. Sosebee, 797 F.2d at 181; Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978) (quoting Estelle, 429 U.S. at 105-6). Further, a deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Mitchell v. Aluisi, 872 F.2d 577, 580 (4th Cir. 1989).

Failing to provide Via with an alternative tuberculosis test does not constitute deliberate indifference because this omission does not indicate that defendants knew of, and disregarded, an objectively serious medical condition, need or risk of harm. Indeed, Via has not alleged that he is afflicted with any serious medical condition. He has not alleged that he exhibits any signs or symptoms of tuberculosis or that he is infected with tuberculosis and being denied treatment. He

3

merely alleges that he is "at risk of contracting tuberculosis due to the refusal of alternative testing." However, failing to provide Via with an alternative tuberculosis test does not increase Via's risk of contracting tuberculosis. Because Via does not claim that he is afflicted with a serious medical condition, he cannot show that the defendants acted with the requisite deliberate indifference. Thus, he has not made a clear showing that he is likely to succeed on the merits at trial.

Further, Via has not demonstrated that he will suffer any actual and imminent irreparable harm if injunctive relief is denied. Via states that prison officials have penalized him for refusing to submit to a test for tuberculosis by taking away good time credits. However, because Via's good time credits can be restored in the event that he prevails in his claim, Via will not suffer any irreparable harm if injunctive relief is denied.[2] Further, Via will not suffer any actual and imminent harm if he is not immediately provided with a tuberculosis test which conforms to his religious beliefs. As stated above, Via has not alleged that he has tuberculosis. At most, he alleged merely that he has not been tested for latent tuberculosis. However, administration of the tuberculosis test does not increase or decrease the prisoner's risk of contracting the disease.

Upon review of Via's motions, the court finds no reasonable basis for granting preliminary injunctive relief and, therefore, **RECOMMENDS** denial of Via's motion.

The Clerk is directed to transmit the record in this case to Honorable Samuel G. Wilson, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to

---

[2] Via has not claimed that the loss of good time credits as a result of his refusal to submit to the tuberculosis test will interfere with an impending projected release date.

4

file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is directed to send a certified copy of this Report and Recommendation to plaintiff.

ENTER: This 11th of May, 2011.

United States Magistrate Judge